**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20334-BLOOM**

ALEJANDRO MOREJON VIDAL,

      Petitioner,

v.

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Alejandro Morejon Vidal's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The Court ordered a Response from the Respondent, the Field Office Director of ICE. *See* ECF No. [3]. The Respondent timely filed its Response, ECF No. [4], and Petitioner filed a Reply, ECF No. [5]. The Court has considered the Petition, the Response, the Reply, the record in the case and is fully advised. For the reasons set forth below, the Petition is granted.

### I.     FACTUAL BACKGROUND

Petitioner is a Cuban citizen, ECF No. [1] at 11, who arrived in the United States in March 2022. *Id.* at ¶ 2. On September 15, 2025, Petitioner was placed in removal proceedings via a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. [4-4]. On October 17, 2025, Petitioner appeared for a hearing before an immigration judge, who ultimately sustained the charge in the Notice to Appear, *id.*, and later granted the Department of

Homeland Security's ("DHS") motion to dismiss proceedings. ECF No. [4-5]. That same day, Petitioner was detained by ICE officers, who initiated expedited removal proceedings under 1225(b)(1). ECF No. [1] at ¶¶ 5, 13; ECF No. [4-6]. Petitioner has continuously been in immigration detention at the Krome North Service Processing Center ("Krome"). *Id.* at ¶ 5.

On December 2, 2025, Petitioner filed a Motion for Bond Hearing before the Miami Immigration Court. *Id.* at ¶ 6. The immigration judge denied the Motion for Bond Hearing, ECF No. [4-7], concluding that "the Court lacked jurisdiction to conduct a bond hearing because Petitioner is an applicant for admission under INA § 235(b) [8 U.S.C. § 1225(b)]." ECF No. [1] at ¶ 6.

On January 20, 2026, Petitioner filed this five-count Petition, challenging his continued detention under 8 U.S.C. § 1225(b). ECF No. [1]. First, he argues that he is entitled to a writ of habeas corpus because the immigration judge "improperly dismissed his matter on October 17, 2025; even [though] said motion to dismiss was made in violation of notice and timeliness requirements in the Immigration Court's Practice Manual." *Id.* at 3. Specifically, he argues that DHS is not following its own procedures "by orally moving to dismiss in violation of multiple basic notice rules." *Id.* at 4. This denied Petitioner the opportunity to address the matters asserted in the motion with his counsel. *Id.* Second, Petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), and Respondent's attempt to classify him as an "applicant for admission" subject to mandatory detention under § 1225(b)(2)[1] is erroneous. *Id.* at ¶¶ 7, 8. Third, Petitioner argues he is a member of the nationwide class identified in *Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025), which determined that

---

[1] Petitioner refers to § 1225(b)(2) in his Petition, but it appears, based on filings provided by Respondent, that his detention actually purportedly operates under § 1225(b)(1). *See generally* ECF No. [4].

bond-eligible class members like Petitioner are detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *Id.* at ¶ 9. Fourth, Petitioner argues that the Government should be equitably estopped from asserting that Petitioner is subject to mandatory detention under § 1225(b)(2) because Respondent's actions "constitute a distinct pattern of affirmative misconduct." *Id.* at ¶ 10. Specifically, Petitioner alleges that Respondent "affirmatively recognized his status as an alien present in the United States," then moved to dismiss proceedings without proper notice and arbitrarily attempted to reclassify Petitioner as subject to expedited removal. *Id.* Fifth, Petitioner argues that Form I-220A, which he was given upon his initial discovery in the United States, is an Order of Release on Recognizance issued pursuant to § 1226, not § 1225, and § 1226 places an alien in removal proceedings that entitle the alien to a bond hearing. *Id.* at ¶ 11. Petitioner requests that the Court either require Respondent to release him or to provide him with a bond hearing. *Id*. at 8.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. Legal Framework for Expedited Removal

Under the Immigration and Nationality Act ("INA"), there are two procedures for removing noncitizens from the country. The first, sometimes referred to as a section 240 proceeding, begins "when DHS issues the noncitizen a Notice to Appear ('NTA')." *Rosabal Blanco v. Bondi*, No. 2:26-CV-00051-SPC-DNF, 2026 WL 214369, at *1 (M.D. Fla. Jan. 28,

2026). This process involves an evidentiary hearing before an immigration judge and an opportunity for the noncitizen to apply for asylum. *Id*. DHS may release the noncitizen into the country on parole throughout the process, but only if the noncitizen demonstrates "that the release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceedings." 8 C.F.R. § 1236.1(c)(8).

By contrast, the second process for removing noncitizens is expedited removal. This process allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Expedited removal affords noncitizens substantially fewer rights. *Rosabal Blanco*, 2026 WL 214369, at \*1. As a result, the INA limits its applicability in two ways. First, noncitizens may be deemed eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." *Coalition for Humane Immigrant Rights v. Noem*, 805 F.Supp.3d 48, 61 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). Second, even "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." *Id.* (quoting 8 U.S.C. § 1225(b)(1)(A)(i)–(iii)).

On January 23, 2025, the Acting Secretary of DHS issued a memorandum instructing immigration officers to consider applying expedited removal to "any alien DHS is aware of who is amenable to expedited removal but to whom expedited removal has not been applied[.]" Benjamine C. Huffman, Acting DHS Secretary, *Guidance Regarding How to Exercise Enforcement Discretion* (Jan. 23, 2025). On January 24, 2025, DHS "published a notice expanding

the application of expedited removal." *Rosabal Blanco*, 2026 WL 214369, at \*2 (citing Office of

the Secretary, DHS, *Designating Aliens for Expedited Removal*, 90 Fed. Reg. 8139).

In implementing the new policy, "the Government began targeting for expedited removal

people already in section 240 removal proceedings, many of whom are pursuing asylum and other

collateral relief." *Make the Road New York v. Noem*, 805 F. Supp. 3d 139, 152 (D.D.C. 2025). In

*Make the Road New York*, the D.C. District Court explained the standard pattern taken by

immigration officials:

> [W]ith DHS first moving orally (without any advance notice) to dismiss the
> individual's pending section 240 proceedings, then arresting the individual at the
> courthouse immediately upon the dismissal of their section 240 proceedings, and
> then, finally, placing the individual in expedited removal proceedings through
> which they can be deported far more quickly, and with far less process, than they
> would have been in section 240 proceedings.

*Id.*

### B.  Jurisdiction

Respondent argues the Court is precluded from hearing Petitioner's challenge to his

detention on jurisdictional grounds. ECF No. [4] at 5–6. Specifically, Respondent argues that under

Congress' amendments to the Immigration and Nationality Act of 1996 ("INA"), "federal courts

lack subject matter jurisdiction to hear any claims 'arising from' or 'relating to' the expedited

removal process established by Congress under 8 U.S.C. § 1225(b)(1)." *Id.* at 6 (citing 8 U.S.C. §

1252(a)(2)(A)(i)). Because Petitioner's detention was a necessary component of the expedited

removal process, it "arises from" and is "related to" that process such that the Court lacks

jurisdiction over Petitioner's habeas claim.

Petitioner replies that courts nonetheless maintain a "safety valve" established for

substantial constitutional questions—that is, courts may review matters otherwise unreviewable

5

pursuant to § 1252 "to enable judicial correction of bizarre miscarriages of justice." ECF No. [5] at 3 (quoting *Khan v. Holder*, 608 F.3d 325 (7th Cir. 2010)).

Judicial review of an expedited removal order is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016). The statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]

8 U.S.C. § 1252(a)(2)(A)(i). The statute does permit judicial review in habeas corpus proceedings of determinations made under § 1225(b)(1), applicable to expedited removal, but only in very limited circumstances. *Id.* § 1252(e)(2). Specifically, courts are limited to reviewing determinations of (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under § 1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *Id.* §§ 1252(e)(2)(A)–(C). Essentially, "unless a habeas petitioner falls within this narrow class of reviewable claims, a district court's jurisdiction is foreclosed by statute."

But that does not completely end the inquiry. "Where statutory bars to jurisdiction would entirely preclude habeas review of executive detention, courts must confront the constitutional floor imposed by the Suspension Clause." *Quintero v. Field Off. Dir. of Miami ICE Field Off.*, No. 25-22428-CIV, 2025 WL 2588099, at *3 (S.D. Fla. June 23, 2025), *vacated on other grounds and remanded*, No. 25-12147, 2025 WL 2589756 (11th Cir. Sept. 5, 2025). The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2;

6

*see also Boumediene v. Bush*, 553 U.S. 723, 783 (2008) (holding that "the writ must be effective"

and available where no adequate substitute exists). In certain situations, including in the expedited

removal context, the Suspension Clause requires that the writ of habeas corpus be available even

if a statute expressly aims to deny it. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 300–01 (2001); *Osorio-

Martinez v. Att'y Gen.*, 893 F.3d 153, 177 (3d Cir. 2018).

The Supreme Court has addressed the question of whether the restrictions on judicial

review enacted by § 1252(e)(2) violate the Suspension Clause. In *Department of Homeland

Security v. Thuraissigiam*, 591 U.S. 103 (2020), the Supreme Court rejected a claim that § 1252(e)

violates the Suspension Clause based on a challenge to a denial of asylum.

> In *Thuraissigiam*, the petitioner, who was in expedited removal proceedings,
> sought habeas review of an Immigration Judge's determination that he was not
> entitled to asylum on credible fear grounds. *Id.* at 114–15. After the district court
> determined that it lacked jurisdiction to consider the habeas petition based on
> Section 1252(e), the petitioner challenged the constitutionality of the statute on
> grounds it violates the Suspension Clause. *Id.* The Supreme Court held that the
> petitioner's Suspension Clause argument failed "because it would extend the writ
> of habeas corpus far beyond its scope 'when the Constitution was drafted and
> ratified.'" *Id.* at 107 (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008)). The
> Court explained that the Suspension Clause protects the writ of habeas corpus as it
> existed in 1789, when the Constitution was adopted, and that at that time, the writ
> "simply provided a means of contesting the lawfulness of restraint and securing
> release." *Id.* at 117.

*Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349, at *5 (S.D. Fla. June 23, 2025) (citing

*Thuraissigiam*, 591 U.S. 103). Insofar as Petitioner was not seeking release but was instead

challenging whether he qualified for expedited removal, the Supreme Court found that he failed to

show that the statute violated the Suspension Clause as applied to him. *Id*.

In his Petition, Petitioner seeks judicial review of determinations made under § 1225(b)(1).

Indeed, "Petitioner's central claim is that DHS lacked statutory authority to apply expedited

removal because he had been continuously present in the United States for over three years at the

7

time of the expedited removal order." ECF No. [6] at 5. At other points, Petitioner takes issue with the credible fear determination process, which he contends "failed to provide adequate consideration of Petitioner's specific circumstances as a Cuban national with legitimate fears of persecution." ECF No. [5] at 4. Petitioner does not dispute that detention is authorized in expedited removal proceedings, nor does he argue that § 1225(b)(1) or detention pursuant to that statute is illegal. He does not dispute the determination of whether he is an alien, whether he was ordered removed, or whether he can prove he is an alien who was lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum, any of which would be reviewable under § 1252(e)(2). Instead, he seeks review of the determination that he qualifies for expedited removal because, if that determination was wrong, he is being illegally detained. But the Supreme Court's opinion in *Thuraissigiam* made clear that "the suspension of the ability to seek habeas review of the Respondents' determination does not violate the Suspension Clause." *Chaviano*, 2025 WL 1744349, at *7. Therefore, as applied to Petitioner and the issues raised in his Petition, § 1252(e) does not violate the Suspension Clause. The Court is, therefore, without jurisdiction to hear his case. [2]

---

[2] Several courts, including courts within this Circuit, have come to the same conclusion regarding the broad reach of § 1252's jurisdiction-stripping provisions in analogous contexts. *See, e.g., Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (noting 8 U.S.C. section 1252(e)(2) did not authorize the court to hear the petitioner's argument that he qualified for cancellation of removal, a form of immigration relief, set forth in the petitioner's habeas petition); *Pineda v. Customs & Border Prot.*, 544 F. App'x 925, 926 (11th Cir. 2013) (finding "it was undisputed that officials removed [the petitioner] on an expedited basis after a CBP officer determined she was an intending immigrant without an immigrant visa . . . [and] [t]he INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order[.]" (citation omitted)); *Vazquez-Ramirez v. U.S. Attorney Gen.*, 707 F. App'x 626, 629 (11th Cir. 2017) (citing 8 U.S.C. 1252(e)(2) and (3) and noting "[j]udicial review of an order [of expedited removal] is limited to narrow circumstances"); *Lucas v. U.S. Attorney Gen.*, 652 F. App'x 854, 858 (11th Cir. 2016) ("[E]xpedited removal orders issued pursuant to 8 U.S.C. [section] 1225(b)(1) are not subject to judicial review except in very limited circumstances not applicable here." (citations removed))); *Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL

The case Plaintiff cites in support of his claim that the Court has jurisdiction is unavailing. Indeed, it holds exactly the opposite of the position Petitioner espouses. In *Khan v. Holder*, the Seventh Circuit agreed with the Government's argument that the habeas petitions challenging expedited removal under § 1225(b)(1) should be dismissed pursuant to § 1252(a)(2)(A), the same statutory provision at issue here. 608 F.3d 325, 328 (7th Cir. 2010). The court found that it was not "free to disregard" the statute's jurisdictional limitations and thus, the court "lack[ed] jurisdiction to inquire whether the expedited removal procedure to which the [petitioners] were subjected was properly invoked." *Id.* at 329–30.

Petitioner's remaining arguments do not change the Court's analysis. Petitioner argues first that the immigration judge "improperly dismissed" his case even though the motion to dismiss "was made in violation of notice and timeliness requirements in the Immigration Court's Practice Manual." ECF No. [1] at 3. Even if this is true, habeas petitions brought under § 2241 are used to challenge illegal *detention*, and Petitioner's detention was not the result of his section 240 proceeding, but instead his subsequent detention under § 1225(b)(1). *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). Thus, the Court cannot reach the Section 240 proceedings by means of this habeas petition.

Second, Petitioner asserts that he is entitled to a bond hearing under § 1226(a) "because he is detained pending a decision on his removal status, not under a valid final order." ECF No. [1] at 4. He argues that the decision in *Maldonado Bautista v. Santacruz* that §1226(a) is the proper governing authority for noncitizens already in the country should be applied to him. *Id.* (citing No.

---

1744349, at *4 (S.D. Fla. June 23, 2025) ("[R]eview of Petitioner's habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of Sections 1252(a) and (e)(2)." (citations omitted)).

5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025)). But *Maldonado Bautista* did not face the same jurisdiction-stripping provisions at issue here. That case confronted the applicability of § 1225(b)(2) as compared to the applicability of § 1226(a). It has been widely held that judicial review is available for challenges to being placed into § 1225(b)(2) mandatory detention where § 1226(a) should apply. *See, e.g., Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *2 (S.D. Fla. Oct. 15, 2025) (finding that § 1252(g) does not preclude jurisdiction to determine the applicability of § 1225(b)(2) versus § 1226(a)). Here, jurisdiction is specifically removed for matters "arising from or relating to" expedited removal under § 1225(b)(1). 8 U.S.C. §1252(a)(2)(A)(i). Thus, *Maldonado Bautista* is simply inapplicable.

Petitioner's third argument is that Petitioner[3] is a class member in *Maldonado Bautista* and, as such, he is entitled to a bond hearing. ECF No. [1] at 5. Again, *Maldonado Bautista v. Santacruz* dealt with § 1252(b)(2), not §1252(b)(1), which faces unique jurisdiction-stripping hurdles. Regardless, the class in *Maldonado Bautista* specifically excluded those detained under § 1252(b)(1), so Petitioner is not an eligible class member anyway. *Maldonado Bautista*, 2025 WL 3288403, at *5 ("In other words, putative class members are inadmissible, but not subject to mandatory detention under § 1225(b)(1), § 1226(c), or § 1231.").

---

[3] The Petition refers to Respondent as a class member, but the Court understands this to be an error. ECF No. [1] at 5.

Petitioner's fourth argument is that the government should be equitably estopped from detaining Petitioner under § 1225(b), because it engaged in "a distinct pattern of affirmative misconduct." ECF No. [1] at 6.

> Specifically, by initially issuing the Form I-220A and placing Petitioner in standard removal proceedings under INA § 240, the Government affirmatively recognized his status as an alien present in the United States. To subsequently move to dismiss those proceedings without proper notice, in a procedural manner which violates the Immigration Court Practice Manual, and then arbitrarily reclassify Petitioner as subject to expedited removal without meeting the statutory requirements, represents a gross procedural irregularity.

*Id.* But "ICE's decision to initiate expedited removal proceedings after the dismissal of Petitioner's section 240 case may have come as a surprise, but it is not illegal, let alone extraordinary." *Quintero*, 2025 WL 2588099, at *3, *vacated on other grounds and remanded*, 2025 WL 2589756. And, again, Petitioner's habeas petition cannot reach his Section 240 proceedings, under which he is not being detained. 28 U.S.C. § 2241.

Petitioner's fifth and final ground "is that Form I-220A is an Order of Release on Recognizance issued pursuant to INA § 236, not INA § 235." ECF No. [1] at 7. By releasing Petitioner, DHS implicitly made a custody determination that § 1226, not § 1225, applies. *Id.* The Government cannot now contradict its own prior administrative action after three years. *Id.* Petitioner does not address how those allegations, even if true, permit to Court to ignore Petitioner's *current* detention under § 1225(b)(1), which is subject to high jurisdictional hurdles. Petitioner fails to provide authority in support of the proposition that a change in custody determination is unlawful or even reviewable when the change in custody determination involves § 1225(b)(1). As such, this argument does not persuade the Court that it has jurisdiction here.

In his Reply, Petitioner raises new arguments for the first time, including deficiencies in the credible fear determination process and a more fulsome discussion of Fifth Amendment due

process rights. Petitioner cannot raise such entirely new bases for release in his Reply. *See* Rules Governing Section 2254 Cases in the United States District Courts, R. 2(c)(1) ("The petition must . . . specify all the grounds for relief available to the petitioner . . . "). To the extent Petitioner wishes to challenge his detention on these grounds, those are matters for a different lawsuit or habeas petition.

## IV.      CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 1, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov