**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20334-BLOOM**

ALEJANDRO MOREJON VIDAL,

     Petitioner,

v.

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

     Respondent.

_____/

## <u>ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION</u>

**THIS CAUSE** is before the Court upon Petitioner Alejandro Morejon Vidal's Motion to

Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion"), ECF No. [8]. Respondents

filed a Response, ECF No. [9], and Petitioner filed a Reply, ECF No. [10].[1] The Court has reviewed

the Motion for Reconsideration, related submissions, applicable law, and is otherwise fully

advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

Petitioner is a Cuban citizen, ECF No. [1] at 11, who arrived in the United States in March

2022. *Id.* at ¶ 2. On September 15, 2025, Petitioner was placed in removal proceedings via a Notice

to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. [4-4].

On October 17, 2025, Petitioner appeared for a hearing before an immigration judge, who

ultimately sustained the charge in the Notice to Appear, *id.*, and later granted the Department of

Homeland Security's ("DHS") motion to dismiss proceedings. ECF No. [4-5]. That same day,

---

[1] Also before the Court is Petitioner's Motion to Expedite, ECF No. [11]. In light of the Court's ruling on
the Motion, the Motion to Expedite is denied as moot.

Petitioner was detained by ICE officers, who initiated expedited removal proceedings under 1225(b)(1). ECF No. [1] at ¶¶ 5, 13; ECF No. [4-6]. Since then, he has been in immigration detention at the Krome North Service Processing Center ("Krome"). *Id*. at ¶ 5.

On December 2, 2025, Petitioner filed a Motion for Bond Hearing before the Miami Immigration Court. *Id.* at ¶ 6. The immigration judge denied the Motion for Bond Hearing, ECF No. [4-7], concluding that "the Court lacked jurisdiction to conduct a bond hearing because Petitioner is an applicant for admission under INA § 235(b) [8 U.S.C. § 1225(b)]." ECF No. [1] at ¶ 6.

On January 20, 2026, Petitioner filed his five-count Petition, challenging his continued detention under 8 U.S.C. § 1225(b). ECF No. [1]. On April 1, 2026, the Court denied the Petition, finding that it lacked jurisdiction to hear Petitioner's challenge. ECF No. [7]. Specifically, the Court found that 8 U.S.C. § 1252 stripped it of jurisdiction to hear claims "arising from or relating to" an expedited removal order. *Id.* at 6–7 (citing 8 U.S.C. § 1252(a)(2)(A)(i)).

On April 10, 2026, Petitioner filed the instant Motion and argues that the Court erred in its jurisdictional analysis and did not address Petitioner's Fifth Amendment due process arguments. *Id.* at 1. Respondents argue that the Motion goes beyond the matters that were part of the case and fails to point to actual manifest errors in the Court's reasoning. ECF No. [9] at 3. Petitioner replies that the Court erred in "treat[ing] a detention-legality habeas claim as though it were a barred challenge to expedited removal and failed to address Petitioner's Fifth Amendment challenge to prolonged civil detention without an individualized custody hearing." ECF No. [10] at 1.

## II.   LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting

reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F.

3

Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III. DISCUSSION

Petitioner raises a few primary challenges to the Court's Order. The Court addresses each in turn but pauses to make one note. Petitioner's Motion presents a fundamentally different argument than his Petition. In his Petition, the crux of Petitioner's argument was that he was entitled to a bond hearing because § 1226(a) was applicable to him or, at a minimum, § 1225(b) was inapplicable. *See generally* ECF No. [1]. Indeed, Petitioner expressly asked the Court to "equitably estop the Government from asserting that Petitioner is now subject to mandatory

detention under [§ 1225]." *Id.* ¶ 10. The Court found that it lacked jurisdiction to upend the Government's determination that § 1225(b)(1) applies because of the particular jurisdiction-stripping provisions found in § 1252(a)(2)(A)(i) and § 1252(e). ECF No. [7]. Now, in his Motion, Petitioner does not challenge the expedited removal determination, effectively conceding that his case is governed by § 1225(b)(1). ECF No. [8] at 10 ("Petitioner does not challenge the expedited removal determination . . ."). Instead, he now argues that even under the framework applicable in expedited removal (i.e., § 1225(b)(1)) cases, he should be entitled to a bond hearing based on the Fifth Amendment and Suspension Clause. *See generally id*. The Court offers no opinion on whether it would have had jurisdiction to hear that kind of argument; it merely notes that this was not the question presented to the Court in the Petition.

### A. Characterization of Petitioner's Challenge

Petitioner argues, first, that the Court mischaracterized his habeas claim. ECF No. [8] at 13. While the Court construed Petitioner to be challenging the expedited removal determination from a procedural or substantive perspective, Petitioner was actually challenging "whether prolonged detention without an individualized hearing comports with constitutional due process and whether DHS possesses lawful authority to detain Petitioner pending removal proceedings." *Id.* at 12–13. Petitioner specifically argues that § 1252 should not be read to bar Petitioner's claim, because he challenges the prolonged detention and lack of individualized bond hearing, not the validity of the removal determination. *Id.* at 16.

Respondents argue that Petitioner does not identify any manifest error in the Court's judgment as the Court properly identified his challenge as "arising from" or "relating to" his order of removal. ECF No. [9] at 2.

Petitioner replies that he "challenges only whether the Government may continue to confine him for months without an individualized hearing before a neutral adjudicator and seeks

release or a custody hearing as the remedy." ECF No. [10] at 2.

The Court finds that Petitioner has not provided grounds for reconsideration. For one, Petitioner cites to no new or binding authority that the Court did not consider—indeed, Petitioner cites to no authority for his position at all. Moreover, Petitioner's due process-based argument represents an entirely new argument that could have been raised in his Petition but was not. In his Petition, Petitioner referenced due process once in passing, and with no argument. ECF No. [1] ¶ 8. At no point did Petitioner reference the Fifth Amendment as a possible basis for relief. *See generally id*. A motion for reconsideration is not an appropriate way to raise arguments that could have been raised in the Petition. Third, Petitioner does not meaningfully engage with § 1252's jurisdiction-stripping provisions, which the Court explained cover any claim "arising from or relating to the implementation or operation of an order of removal pursuant to [§ 1225(b)(1)]." ECF No. [7] at 6 (citing 8 U.S.C. § 1252(a)(2)(A)(i)). Specifically, Petitioner does not explain how his claim is not "arising from or relating to" the implementation of the expedited removal order against him.[2] He merely asserts (for the first time) that challenges to detention and a removal order must be different, without explaining why—in the particular context of § 1225(b)(1) and § 1252 *and* in light of the particular arguments raised by Petitioner—that is true. For all those reasons, the Court finds that reconsideration is not warranted.

---

[2] Petitioner asserts that this case is distinguishable from *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), ECF No. [10] at 3. He argues that the Court's reading of § 1252 would "erase the distinction between removal merits and executive custody and would raise the constitutional concerns identified in the motion under the Suspension Clause and the Fifth Amendment." *Id*. But this argument was available to Petitioner at the time of his Petition and certainly at the time of his Reply, after Respondents raised the applicability of § 1252. Petitioner simply did not raise this argument and cannot do so now. And even now, aside from mentioning the Suspension Clause, Petitioner makes no substantive argument about its application here.

### B. Fifth Amendment Due Process Argument

Petitioner next argues that the Court erred in not addressing whether prolonged detention without any individualized hearing violates the Fifth Amendment. ECF No. [8] at 17. Respondents argue that the Court "properly refused to consider new arguments Petitioner included in his Reply to the government's Response to his Petition, including arguments . . . under the Fifth Amendment." ECF No. [9] at 3. Petitioner argues that his Motion "does not introduce a new factual theory" but instead explains why the "existing facts require constitutional analysis under the Fifth Amendment and why dismissal without reaching that issue was legal error." ECF No. [10] at 2.

This argument provides no basis for reconsideration. Petitioner did not raise a Fifth Amendment due process argument in his Petition. *See generally* ECF No. [1]. As the Court explained in its Order, "[t]he petition must . . . specify all the grounds for relief available to the petitioner." ECF No. [7] at 12 (citing Rules Governing Section 2254 Cases in the United States District Courts, R. 2(c)(1)). A party cannot raise a new argument—or, indeed, an entirely new basis for relief—in a reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Petitioner does not explain why, in his case, this rule should not apply. Indeed, Petitioner ignores that he did not raise this argument in his Petition. The Court does not find reconsideration warranted.

### C. Procedural Sequence

Petitioner next argues that the combination of the credible fear screening, § 240 dismissal, and expedited removal placement heightens the constitutional need for an individualized custody hearing. ECF No. [8] at 21. He argues that the anomalies in his procedural history make a bond hearing even more necessary. *Id*. Respondents do not address this point in particular but generally argue that Petitioner "presents neither any new evidence supporting his claims nor does [he] identify any manifest error of law." ECF No. [9] at 1.

The Court does not find reconsideration warranted based on those arguments either. For one, Petitioner did not raise concerns regarding deficiencies in the credible fear screening process in his Petition, *see generally* ECF No. [1], despite those arguments being available to him. He cannot do so now. As to the alleged procedural irregularities in the § 240 dismissal and application of expedited removal to Petitioner, the Court directly addressed those concerns, explaining that dismissal of the § 240 proceedings and the initiation of expedited removal, while surprising, is not illegal. ECF No. [7] at 11. Moreover, the Court cannot consider whether any of those factors warrant an individualized custody review where it lacks jurisdiction, and Petitioner has provided no basis to reconsider that the Court's jurisdictional analysis was faulty.

### D. Opportunity to Respond

Petitioner argues the Court dismissed the case "*sua sponte.*" ECF No. [8] at 28. Specifically, he contends that the Court dismissed without "(1) ordering the Government to file a response addressing the jurisdictional theories; (2) permitting Petitioner to brief or address the jurisdictional grounds; or (3) affording any adversarial development of the jurisdictional question." *Id.* at 29.

That argument is without merit. The Court ordered Respondents to respond to the Petition. ECF No. [3]. Respondents did so, arguing in their Response that the Court lacked jurisdiction based on § 1252. ECF No. [4] at 6–9. It was Petitioner who then failed to meaningfully address those jurisdictional arguments in his Reply. *See generally* ECF No. [5]. As such, Respondents addressed the jurisdictional theories, and Petitioner had a chance to address the jurisdictional grounds. Petitioner's argument that he had an insufficient chance to address the jurisdictional question is without merit, and the Court will not reconsider its decision on this ground.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion, **ECF No. [8]**, is **DENIED**.

2. Petitioner's Expedited Motion, **ECF No. [11]**, is **DENIED AS MOOT**.

3. The Clerk of Court shall **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record